United States District Court
For the Northern District of California

1
2
3
4
5
6          IN THE UNITED STATES DISTRICT COURT
7
8          FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
MARYLAND CASUALTY COMPANY, a
Maryland corporation as subrogee of J & A
10  JEFFREY INC., a California corporation dba          No. C 04-01489 JSW
WESTERN STABILIZATION,
11
              Plaintiff,
12                                                        **ORDER GRANTING MOTION
                                                          FOR JUDGMENT ON THE
13    v.                                                  PLEADINGS AND DISMISSING
                                                          COMPLAINT WITHOUT
14  UNITED STATES OF AMERICA and DOES                     PREJUDICE**
    1-10, inclusive,
15
              Defendants.
16  _____/
17          Now before the Court is Defendant United States of America's motion for judgment on
18  the pleadings.  The Court finds the present motion appropriate for decision without oral
19  argument and hereby VACATES the hearing set for June 3, 2005.  *See* Civil L.R. 7-1(b).
20  Having carefully reviewed the parties' papers, considered their arguments and the relevant legal
21  authority, and good cause appearing, the Court hereby GRANTS Defendant's motion for
22  judgment on the pleadings, and DISMISSES the complaint without prejudice.
23                              **BACKGROUND**
24          Plaintiff Maryland Casualty Company is the subrogee of J & A Jeffrey Inc. ("J & A")
25  and, as subrogee, demanded the $170,000 they paid to J & A for damage to a soil pulverizer.
26  The pulverizer was destroyed when it hit an underground utility line on May 30, 2003, at the
27  Coast Guard Training Center in Petaluma, California.
28

**United States District Court**
For the Northern District of California

1   On October 21, 2003, Plaintiff submitted a Standard Form 95, Claim for Damage,

2   Injury, or Death ("SF 95") to the United States Coast Guard demanding full payment of its

3   claim for property damage in the amount of $170,000.  (Declaration of Robert Bruce ("Bruce

4   Decl."), Ex. 1.)  On December 4, 2003, Lieutenant Commander Kevin F. Bruen sent a letter to

5   Plaintiff's counsel informing him that the prime contractor for the construction project,

6   Agbayani Construction Corporation, might be the responsible party given the terms of the

7   contract between Agbayani and the United States Coast Guard, but also informed Plaintiff's

8   counsel that the "matter continues to be investigated."  (*Id.*, Ex. 2.)  On April 15, 2004, Plaintiff

9   commenced the current action.  On April 23, 2004, the United States Coast Guard mailed to

10  plaintiff's attorney by certified mail, return receipt requested, a notice of denial of his claim.

11  (*Id.*, Ex. 3.)

12                                  **ANALYSIS**

13  **A.      Federal Torts Claims Act and Jurisdiction.**

14          The doctrine of sovereign immunity bars all claims against the United States except

15  where it explicitly consents to be sued.  *United States v. Testan*, 424 U.S. 392, 399 (1976).  The

16  Federal Torts Claims Act ("FTCA" or "the Act") waives the sovereign immunity of the United

17  States for actions in torts and provides an exclusive remedy for persons injured by the negligent

18  or wrongful acts of any employee of the Government while acting within the scope of their

19  employment.  28 U.S.C. § 2679(b)(1).  The FTCA vests the federal district courts with

20  exclusive jurisdiction over suits arising from the negligence of Government employees.

21  However, the Act further provides that before an individual can file an action in the district

22  court, he must seek an administrative resolution of the claim.  The relevant provision, 28 U.S.C.

23  § 2675(a), reads in pertinent part:

24          An action shall not be instituted upon a claim against the United States for
            money damages for injury or loss of property or personal injury or death caused
25          by the negligent or wrongful act or omission of any employee of the
            Government while acting within the scope of his office or employment, unless
26          the claimant shall have first presented the claim to the appropriate Federal
            agency and his claim shall have been finally denied by the agency in writing and
27          sent by certified or registered mail.  The failure of an agency to make final
            disposition of a claim within six months after it is filed shall, at the option of the
28          claimant any time thereafter, be deemed a final denial of the claim for purposes
            of this section.

**United States District Court**
For the Northern District of California

1   The claim requirement of section 2675 is "jurisdictional in nature and may not be

2   waived." *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985).  If an action is commenced

3   prematurely, the court may not retain jurisdiction until administrative remedies are exhausted.

4   *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992).

5       Plaintiff's suit is premature because it was instituted this action before the administrative

6   claim was denied and before the expiration of the six-month waiting period following the

7   United States Coast Guard's denial of the claim.  Accordingly, Plaintiff's complaint is

8   dismissed.

9               **B.      New Complaint is Not Time-Barred.**

10      The United States contends that the dismissal should be with prejudice because any

11  subsequent action filed by Plaintiff will now be time-barred.  28 U.S.C. § 2401(b) provides that

12  a "tort claim against the United States shall be forever barred unless . . . action is begun within

13  six months after the date of mailing, by certified or registered mail, of notice of final denial of

14  the claim by the agency to which it was presented."  The United States argues that the final

15  denial was mailed on April 23, 2004 and therefore the six-month tolling period has already

16  expired.

17      However, the denial must include language concerning the right to bring suit in district

18  court and provide the claimant "'with a clear landmark that [the] claim has been denied and that

19  [Section 2401(b)'s] six month clock has begun to run.'"  *Jerves*, 966 F.2d at 520 (citing

20  *Dyniewicz v. United States*, 742 F.2d 484, 486 (9th Cir. 1984)).  The final denial letter from the

21  United States Coast Guard dated April 23, 2004 does not comply with the requirements of 28

22  C.F.R. § 14.9(a), which provides that the

23          [f]inal denial of an administrative claim shall be in writing and sent to the
            claimant, his attorney, or legal representative by certified or registered mail.
24          The notification of final denial may include a statement of the reasons for the
            denial and shall include a statement that, if the claimant is dissatisfied with
25          the agency action, he may file in an appropriate U.S. District Court not later
            than   6   months   after   the   date   of   mailing   of   the   notification.
26

27  Although Plaintiff's attorney had already filed a complaint in district court prematurely, the

28  denial letter does not provide sufficient notice of Plaintiff's rights on its face.

3

In addition, Plaintiff's SF 95 is dated October 21, 2003 and the United States Coast Guard had six months to process proper denial of this claim, or no later than April 21, 2004. *See* 28 U.S.C. § 2675(a) (failure of agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim).  The agency's denial is dated April 23, 2004 and is therefore two days past the required deadline.  Therefore, it is questionable whether the provision requiring Plaintiff to file a complaint not less than six months from date of the final agency denial was triggered. *See Parker v. United States*, 935 F.2d 176, 177 (9th Cir. 1991) (holding that the six month period of section 2401(b) does not begin to run until the agency has notified the claimant of final denial in accordance with section 2675(a), *i.e.*, when the agency has made a final disposition of the claim and notified the claimant by mail within six months of receiving the original administrative claim).  Therefore, the time limitation on Plaintiff's filing a complaint in federal court has not passed.

### CONCLUSION

For the foregoing reasons, the complaint is DISMISSED without prejudice.

**IT IS SO ORDERED.**

Dated:  May 25, 2005                                          /s/ Jeffrey S. White
                                                           JEFFREY S. WHITE
                                                           UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

4